ROBERT R. DALY, PLAINTIFF-RESPONDENT, v. KOMLINE-SANDERSON ENGINEERING CORPORATION, DEFEND-ANT-APPELLANT.

Argued March 5, 1963—Decided May 20, 1963.

*Mr. Joseph M. Nolan* argued the cause for appellant (*Mr. Martin Clinton Conant,* on the brief).

*Mr. Robert R. Daly* argued the cause *pro se* (*Mr. Sam Weiss,* on the brief).

The opinion of the court was delivered

PER CURIAM. The parties agreed to arbitration of their dispute over legal fees. An award was made and the judgment under review entered upon it. We certified defendant's appeal before argument in the Appellate Division.

Defendant contends the arbitration agreement is void because it invades our exclusive jurisdiction over practice of the law. We see no substance in this objection. We think we should encourage arbitration of disputes between attorney and client, and to that end should uphold an award in the absence of good reason to reject it. Whether an award in a dispute of this kind should be vulnerable on grounds which are not available in attacks on arbitration awards generally, we need not decide.

The only other ground of attack which we need discuss is that the lump sum award may have included (1) a larger allowance for services on a loan from the Small Business Ad-

ministration than is permitted under the regulations of that agency, and (2) an allowance for services in a matter in which plaintiff was guilty of disloyalty as evidenced by his subsequent conviction, *State v. Daly*, 38 *N. J.* 1 (1962), and disbarment, *In re Daly*, 39 *N. J.* 112 (1963).

The controversy between the parties involved a number of distinct matters. The agreement for arbitration did not require separate awards as to each item. The arbitrators were three in number, one selected by each of the disputants and the third by their nominees. The arbitrators are members of the bar and, in response to our order, all certified they understood a single award was expected. We believe that under the agreement to arbitrate a lump sum award was permissible.

The question is whether the two objections advanced by defendant suffice to justify interference with an award which conforms with an agreement deliberately made. The essence of arbitration is, of course, that the arbitrators decide both the facts and the law. Judicial review of an award is extremely narrow, generally confined to matters of corruption or errors appearing on the face of the award. *N. J. S.* 2A:24–8 and 9; *Carhal Factors, Inc. v. Salkind*, 5 *N. J.* 485 (1950); *Carpenter v. Bloomer*, 54 *N. J. Super.* 157 (*App. Div.* 1959); 8 *Wigmore, Evidence* § 2358 (*McNaughton rev.* 1961). We think defendant's objections do not fall within the limits of judicial interference. In an effort to determine whether they could be solved practically, we asked the arbitrators to certify how much was allowed with respect to each of the two items. Their reply was that they are unable to specify a sum allocated to any item since the lump sum award represents an adjustment or reconciliation of divergent views among them. This certification is made as well by the unidentified arbitrator who had dissented from the award. It therefore cannot even be said that the award actually includes allowances for the items to which defendant objects.

Further with respect to the matter of services in connection with the Small Business Administration loan, the

record in the trial court on defendant's attack on the award clearly demonstrates that the present ground of objection was presented to the arbitrators. Under the principles above noted, their decision on the facts and law relating thereto is not subject to review even if it could be ascertained.

With regard to the second item in question, there is no indication in the record whether the present ground of objection was presented to the arbitrators, but it certainly could have been and, we repeat, no one can say whether any allowance was made therefor. It was a relatively minor item in the total claimed. But more important, we think it is too late for defendant to urge the policy point, see *Stein v. Shaw*, 6 *N. J.* 525 (1951), now asserted. When the arbitration agreement was entered into, plaintiff was actually on trial for the embezzlement involved. He was not finally convicted until after the arbitrators returned their award and all proceedings attacking it had been concluded in the trial court. Defendant might well have insisted, therefore, that the claim for fees in the transaction be excluded from the arbitration. But it did not and we can only conclude that it was willing for the item, with all its ramifications, to be decided by the arbitrators despite the fact that the matter of misconduct remained unsettled. It should not now be permitted to negate the choice it made. We add that to accede to its contention would mean the entire arbitration would have to be redone.

The judgment is accordingly affirmed. No costs.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.