187 N.J. Super. 195 (1982)
453 A.2d 1370
JOHOWERN CORP., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
AFFILIATED INTERIOR DESIGNERS INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 16, 1982.
Decided November 29, 1982.
*197 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Bruce W. Lerner, attorney for defendant-appellant.
Michael P. Burakoff, attorney for plaintiff-respondent.
The opinion of the court was delivered by PRESSLER, J.A.D.
Defendant Affiliated Interior Designers, Inc. appeals from a judgment of the Law Division confirming an arbitration award in favor of plaintiff Johowern Corp.
Plaintiff, as landlord, and defendant, as tenant, entered into a five-year commercial lease in 1978. The agreed annual rent for the first three years of the lease was $24,000, payable in monthly installments of $2,000. The annual rent for the last two years was to be $26,400 payable in monthly installments of $2,200. The landlord's right, however, to the receipt of the full rent originally reserved and to the full escalated rent was made dependent upon its completion of specified improvements and repairs of the premises. The lease also required defendant's payment of a security deposit in the amount of $2,200, only $800 of which was ever paid. Finally, the lease contained a provision *198 requiring all disputes arising thereunder to be submitted to arbitration, each of the parties to choose one arbitrator and the two arbitrators to choose a third.
Some time after commencement of the tenancy a dispute arose between the parties regarding the landlord's right to the full rent. Insofar as we can determine from the record, the tenant was of the view that it was not obliged to pay the full rent, and in fact did not do so, because of the landlord's failure satisfactorily to complete the improvements and repairs. In February 1980 the landlord filed a demand for arbitration by a three-member panel pursuant to the commercial arbitration rules of the American Arbitration Association. It appears that the demand was by mutual consent and that the parties agreed to the manner of selection of the arbitrators.
Despite the swift and expeditious relief which arbitration is presumed to afford, the arbitration hearing was not held until some 16 months later. At least a portion of the intervening time was consumed by discovery procedures in the form of a bill of particulars furnished by the landlord and the service of interrogatories, the parties having agreed to exchange their answers thereto by October 15, 1981. The tenant, receiving the landlord's answers to interrogatories on that date, moved to adjourn the hearing, which had been scheduled for October 19, on the ground that it required additional time to review and respond to the interrogatory answers. The adjournment application was denied by the arbitrators and the two-day hearing commenced as scheduled.
Some three weeks later the arbitrators submitted their award. The award recited their consideration of the parties' respective proofs and allegations and, without stating any findings of fact, made the following lump-sum determinations:
1. The tenant owed the landlord the sum of $33,350, without interest, as unpaid back rent for the tenancy period through October 31, 1981.
2. The tenant owed the landlord the sum of $1400, without interest, as the balance due on the stipulated security deposit.
3. The tenant's rent obligation commencing November 1, 1981, was the monthly sum of $2200.

*199 4. The fees and expenses of the arbitration were to be borne equally by the parties.
The tenant failed to comply with the provisions of the award and the landlord consequently commenced a summary action seeking its confirmation. The tenant responded by seeking the vacation of the award on the grounds that the arbitrators were guilty of misconduct in refusing to postpone the hearing and in failing to make any findings of fact. These arguments were rejected by the trial judge, who entered a judgment confirming the award and requiring the tenant to pay the prospective rent as fixed by the arbitrators, as well as the sum of $35,127.50, with interest running from the date of the arbitrators' award. The record indicates that that sum was composed of the back rent of $33,350, the unpaid security deposit of $1,400, and $377.50 representing the tenant's share of the arbitrators' expenses which the landlord had advanced.
We are satisfied that the trial judge properly rejected the tenant's challenges to the award. It is well settled that arbitration is a favored remedy; that judicial interference with the arbitration process is highly circumscribed and strictly limited to statutory prescription; that every intendment is indulged in favor of the award, and that the award is subject to impeachment only in a clear case. See, generally, Barcon Associates v. Tri-County Asphalt Corp., 86 N.J. 179, 187-188 (1981).
The tenant, in contending that it had met its statutory burden, relies first on N.J.S.A. 2A:24-8(c), which expressly permits judicial vacation of the award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor...." Obviously, this statutory provision does not mean that every failure to postpone constitutes misconduct. Rather, the policy and spirit of the arbitration act compel the conclusion that a failure to postpone a hearing can constitute misconduct warranting the vacation of the award only when, in the totality of the circumstances, the refusal to postpone impinges upon a party's fair and *200 reasonable opportunity to be heard by the arbitrators. This is patently not such a case. Even though the tenant had only four days in which to review the answers to interrogatories, this record demonstrates that the battle lines between the parties had long since been drawn and that the nature of the claims made by parties each against the other were known and should have been known by both.
Nor do we find any merit in the tenant's claim that the failure of the arbitrators to have made factual findings constituted "undue means" within the intendment of N.J.S.A. 2A:24-8(a). It is clear that a lump sum award in a commercial arbitration involving financial issues constitutes an adequate award technique, both in substance and in form. See, e.g., Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175, 178-179 (1963).
There is, however, one aspect of this matter which we find troublesome and in need of rectification. The judgment of confirmation here appealed from was entered on February 10, 1982. The notice of appeal was filed in March 1982, and in April 1982 the premises were destroyed by fire and the tenancy consequently terminated. The tenant contends that the destruction of the premises impacts upon the arbitration award in respect of its provisions regarding the security deposit. We agree. The predicate of the security deposit, namely, the return of the premises to the landlord in good condition, has been entirely nullified by the destruction of the building. There is obviously nothing left to be returned by the tenant, who is no longer in possession because there are no premises left to possess. It is clear, therefore, that as a matter of fundamental justice, the tenant should not be required to pay the balance of the security deposit and that it is, moreover, entitled to a credit of $800, the portion of the security deposit already paid by it, on the total outstanding rental obligation as determined by the award.
*201 The trial judge had no opportunity to consider a modification of the arbitrators' award on this ground because no such application was ever made to him. It is our view that the subsequent event of the fire should be first addressed to the trial judge by way of a motion for relief from judgment pursuant to R. 4:50-1. We are further satisfied that on an appropriate showing, the trial judge has the statutory authority in these circumstances to grant relief from the judgment, confirming the award by way of modification of the award.
N.J.S.A. 2A:24-9 provides in full as follows:
The court shall modify or correct the award in any of the following cases:
a. Where there was an evident miscalculation of figures or an evident mistake in the description of a person, thing or property referred to therein;
b. Where the arbitrators awarded upon a matter not submitted to them unless it affects the merit of the decision upon the matter submitted; and
c. Where the award is imperfect in a matter of form not affecting the merits of the controversy.
The court shall modify and correct the award, to effect the intent thereof and promote justice between the parties.
The unusual circumstances here clearly warrant modification. First, in the context of the presently operative facts, the calculation of the award, at least in retrospect, constitutes a mistake. More significantly, however, the statute requires the court to modify and correct an award in order to effect its intent and to promote justice between the parties. Cf. Sociedad Armadora Aristomenis Pan. v. Tri-Coast S.S. Co., 184 F. Supp. 738, 741 (S.D.N.Y. 1960). While the judicial power accorded by that provision must be cautiously exercised in order that the remedy of arbitration not be unduly impinged upon, we are nevertheless persuaded that judicial modification is clearly warranted here. Clearly, if the tenant had complied with the arbitrators' award forthwith upon its rendition, it would have been in any event entitled to the return of its full security deposit upon termination of the tenancy by reason of the destruction of the premises. There is no reason for the tenant to forfeit that right now.
The judgment appealed from confirming the arbitrators' award is affirmed without prejudice to the tenant's right to seek *202 modification relief in the trial court pursuant to this opinion. We do not retain jurisdiction.