212 N.J. Super. 246 (1986)
514 A.2d 863
WILLIAM J. SANDOZ AND MARIA SANDOZ, HIS WIFE, PLAINTIFFS,
v.
DOMINIC J. CASSISE, DEFENDANT, AND ANGELA DELUCA, A MINOR, BY HER MOTHER AND GUARDIAN AD LITEM, MARIA SANDOZ, AND MARIA SANDOZ, PLAINTIFFS,
v.
DOMINIC J. CASSISE AND WILLIAM J. SANDOZ, DEFENDANTS.
Superior Court of New Jersey, Law Division Burlington County.
Decided May 12, 1986.
*247 John McFeeley, III for plaintiff Angela DeLuca.
Francis J. Orlando for plaintiffs William J. Sandoz and Maria Sandoz (Brady & Orlando, attorneys).
Mark D. Cox for defendant Dominic J. Cassise (John J. Spence, Jr., attorney).
HAINES, A.J.S.C.
This opinion responds to a motion to modify an award of arbitrators to whom claims resulting from an automobile accident were submitted pursuant to N.J.S.A. 39:6A-24 et seq. and R. 4:21A. It remands the matter to the arbitrators for further consideration.
William J. Sandoz and Dominic J. Cassise, both operators of motor vehicles, were involved in a right-angle collision. Angela DeLuca was a passenger in the Sandoz car. Separate complaints for damages were filed, consolidated and referred to arbitration. The arbitrators' written award, somewhat confusing, stated that Cassise had a 100% liability, awarded damages to Sandoz and DeLuca of $8000 and $13,500, respectively, and then reduced both awards by 10% for their comparative negligence. No reason was set forth for making the 10% reduction but counsel were advised that the comparative negligence consisted of their failure to use available seat belts as required by statute or otherwise.
Sandoz and DeLuca argue that the 10% deduction was improper because no evidence of their negligence was presented to the arbitrators and no statute in force at the time of the accident required the use of seat belts. Cassise, however, claims that there was justification for finding that they contributed to their injuries by not using seat belts, regardless of the lack of any statutory requirement.
Our arbitration rules, R. 4:21A, say nothing about the right to modify an award by reason of arbitrator error. However, the *248 rules were adopted to implement N.J.S.A. 39:6A-24 et seq. which provides, in § 30, that "(t)he arbitration decision shall be in writing, and shall set forth the issues in controversy, and the arbitrators' findings and conclusions of law and fact." Section 31 provides for the confirmation of the arbitrators' decision:
[u]nless one of the parties to the arbitration petitions the court, within 30 days of the filing of the arbitration decision with the court ... for the modification or vacation of the arbitration decision for any of the reasons set forth in chapter 24 of Title 2A of the New Jersey Statutes, or an error of law or factual inconsistencies in the arbitration findings.... [Emphasis supplied]
N.J.S.A. 2A:24-7, -8 and -9 provide for the confirmation, vacation or modification of an arbitration award. The grounds set forth for vacation or modification do not include "error of law," as does N.J.S.A. 39:6A-24 et seq.
Usually, arbitrators are judges of the facts and the law. In Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175, 178 (1963), for example, the Court said: "The essence of arbitration is, of course, that the arbitrators decide both the facts and the law. Judicial review of an award is extremely narrow, generally confined to matters of corruption or errors appearing on the face of the award." That is not the rule, however, with respect to statutory automobile arbitration. Since N.J.S.A. 39:6A-31 permits the modification or vacation of an award for "an error of law," it is apparent that the Legislature intended arbitrators to apply decisional, statutory, regulatory and rule-made law in these cases, not their personal view of applicable law. In the present case this court must therefore review the "seat belt" theory applied by the arbitrators and must delete the reduction if that theory was erroneously applied.
It is not clear whether the arbitrators decided that the plaintiffs were negligent because they violated a seat belt statute or simply because they were negligent in not using available belts. No seat belt statute was in force at the time of the accident. Consequently, its application by the arbitrators would be an "error of law," requiring the 10% reduction to be set aside. On the other hand, if the supposed statute were not *249 a factor, and "satisfactory evidence" were presented, the arbitrators could have found that the failure to use seat belts contributed to the injuries, justifying a reduction of the award. Barry v. Coca-Cola Co. 99 N.J. Super. 270, 274-275 (Law Div. 1967). "Satisfactory evidence," contrary to Barry, need not involve an expert, depending on the facts. "The test of need of expert testimony is whether the matter to be dealt with is so esoteric that jurors of common judgment or experience cannot form a valid judgment as to whether the conduct of the party was reasonable." Butler v. Acme Markets, 89 N.J. 270, 283 (1982).
The arbitrators' findings and conclusions of law do not adequately address the seat belt issues. A remand is therefore required for the purpose of supplementing their decision. Supplementation may be undertaken, at the discretion of the arbitrators, on the basis of their recollection of the evidence or on the basis of additional evidence requested by them for the purpose.