268 N.J. Super. 211 (1993)
633 A.2d 112
MARTIN WATKINS, PLAINTIFF-APPELLANT,
v.
MARGARET DAVIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1993.
Decided October 25, 1993.
*212 Before Judges SHEBELL, LONG and LANDAU.
Alan M. Tepper argued the cause for appellant, and on the brief.
Gregory Drews argued the cause for respondent (Martin & Simmonds, attorneys; Mr. Drews on the brief).
Gerald Baker argued the cause for amicus curiae ATLA-NJ (Baker, Garber, Duffy & Pederson, attorneys; Stark & Stark, attorneys; Richard J. Alphonse, on the brief).
Fred DeVesa, Attorney General of New Jersey, attorney for amicus curiae State of New Jersey (Joseph L. Yannotti, Assistant Attorney General, of counsel; Allan J. Nodes, Deputy Attorney General, on the brief).
PER CURIAM.
We affirm the order from which this appeal is taken substantially for the reasons expressed by the Honorable Edmund R. Bernhard, J.S.C., in his written opinion, reported at 259 N.J. Super. 482, 614 A.2d 189 (Law Div. 1992). It is clear that N.J.S.A. 17:28-1.4 was viewed by the Legislature as a necessary part of the reform needed to accomplish its goal of relieving insurers from having to pay non-economic damages to people who are not seriously injured. The Legislature's action in extending the verbal threshold to certain out-of-state owners operating their vehicles in this state serves many legitimate purposes, only one of which is the providing of Personal Injury Protection coverage to out-of-state drivers at the same level as is provided for New Jersey motorists. In Adams v. Keystone Insurance Co., 264 N.J. Super. 367, 378, 624 A.2d 1008 (App.Div. 1993), we held that such automatic reformation of out-of-state policies issued by insurers *213 doing business in New Jersey is justified by a significant and legitimate public purpose.
Further, we are convinced that Judge Bernhard properly applied the holding in Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992), in determining that plaintiff failed to meet the verbal threshold. Plaintiff has failed to demonstrate any basis for disturbing that determination.
Affirmed.