289 N.J. Super. 406 (1996)
674 A.2d 189
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
LINDA MOLINO, ADMINISTRATRIX OF THE ESTATE OF JOSEPH A. MOLINO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1996.
Decided April 11, 1996.
*407 Before Judges HAVEY, CONLEY & BRAITHWAITE.
Michael J. Cernigliaro argued the cause for appellant (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys; Mr. Cernigliaro, on the brief).
Louis J. DeVoto argued the cause for respondent (Ferrara & Rossetti, attorneys; Mr. DeVoto, on the brief).
*408 The opinion of the court was delivered by HAVEY, P.J.A.D.
Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), denied personal injury protection (PIP) benefits to its insured, defendant, Linda Molino as administratrix of the estate of her late husband. She had demanded extended income continuation and essential services benefits when her husband, a pedestrian, was killed in an automobile accident. State Farm denied the benefits because, under N.J.S.A. 39:6A-10, extended "income continuation and essential services benefits shall cease upon the death of the claimant."[1] The narrow question on appeal is whether this legal issue of entitlement to PIP benefits may be submitted to arbitration pursuant to N.J.S.A. 39:6A-5c. The Law Division judge concluded that State Farm's refusal to pay created a "dispute" which triggered defendant's right to demand binding arbitration under the statute. We agree and affirm.
Defendant and her deceased husband were covered by a State Farm automobile policy which provided extended income continuation and essential services PIP benefits. State Farm denied payment of these benefits because the decedent did not survive the accident. See N.J.S.A. 39:6A-10. Defendant thereupon demanded arbitration under N.J.S.A. 39:6A-5c.
In response, State Farm filed a declaratory judgment action in the Law Division and moved to stay the arbitration, arguing that the issue presented was "a legal one involving interpretation of the policy and statute rather than a factual dispute." Judge Kennedy held that the dispute was arbitrable and denied the motion; Judge Arnone later dismissed State Farm's complaint.
N.J.S.A. 39:6A-5c provides, in pertinent part, that "[a]ll automobile insurers shall provide any claimant with the option of submitting a dispute under this section to binding arbitration." State Farm's policy essentially incorporates this statutory language. *409 The thrust of State Farm's argument is that, because the statute refers to disputes "under this section," only those PIP issues arising "under" N.J.S.A. 39:6A-5, such as notice and timeliness of payment, may be arbitrated. It describes the present dispute as a question of "coverage,"[2] and reasons that the Law Division must therefore determine whether defendant is entitled to the extended income continuation and essential services benefits which are defined at N.J.S.A. 39:6A-4 and -10.
State Farm reads N.J.S.A. 39:6A-5c too narrowly. It relies upon the flawed premise that Section 5 may be divorced from the larger statutory scheme in which it exists. State Farm Mut. Auto. Ins. Co. v. Crocker, 288 N.J. Super. 250, 256-57, 672 A.2d 226 (App.Div. 1996); 2A Norman J. Singer, Sutherland Statutory Construction § 46.05 (5th ed. 1992); see Kimmelman v. Henkels & McCoy, Inc., 108 N.J. 123, 129, 527 A.2d 1368 (1987). Section 5 is entitled "Payment of personal injury protection coverage benefits." Its evident purpose is to provide a mechanism by which the "payment" of all PIP benefits is to be made, including extended income continuation and essential services benefits.
N.J.S.A. 39:6A-5a, for example, permits insurers to require written notice "as soon as practicable after an accident involving an automobile with respect to which the policy affords [PIP] coverage benefits pursuant to this act" (emphasis added). Likewise, N.J.S.A. 39:6A-5c, the arbitration provision, necessarily must be construed in pari materia with other pertinent PIP Sections, including N.J.S.A. 39:6A-4 and -10. See 2B Sutherland Statutory Construction, supra, at §§ 51.02 and 51.03; see also Plemmons v. New Jersey Auto. Full Ins. Underwriting Ass'n, 263 N.J. Super. 151, 156, 622 A.2d 275 (App.Div. 1993) (noting that *410 N.J.S.A. 39:6A-4a must be read in para materia with N.J.S.A. 39:6A-2e). Thus, any "dispute" concerning a "payment" of PIP benefits due "pursuant to this act" is subject to binding arbitration at the claimant's option. It is therefore clear that N.J.S.A. 39:6A-5c compels State Farm to submit to binding arbitration this dispute over defendant's entitlement to certain PIP benefits, notwithstanding that those benefits are defined elsewhere.
Moreover, the word "dispute" is unqualified. N.J.S.A. 39:6A-5. Consequently, it denotes not only disputes concerning notice and timeliness of payments, but also disputes concerning one's entitlement to a type of PIP benefit afforded by other provisions of the statute. Olivero by Olivero v. New Jersey Mfrs. Ins. Co., 199 N.J. Super. 191, 201, 488 A.2d 1071 (App.Div. 1985) ("N.J.S.A. 39:6A-5 ... [grants] insureds an option to submit any disputes concerning benefits claimed to arbitration in lieu of court proceedings" (emphasis added)). This represents the only sensible approach because the arbitrator must necessarily decide whether the disputed benefits are due by considering the claimant's entitlement before he or she may determine whether payment is "overdue" under N.J.S.A. 39:6A-5.
Finally, to the extent that the phrase "dispute under the section" creates any ambiguity, we must construe it liberally to harmonize the arbitration provision with our firm policy favoring prompt and efficient resolution of PIP disputes without resort to the judicial process. N.J.S.A. 39:6A-16; see Roig v. Kelsey, 135 N.J. 500, 516, 641 A.2d 248 (1994) (noting that the reduction of court congestion is one of "the overwhelming goals" of our no-fault scheme); Gambino v. Royal Globe Ins. Cos., 86 N.J. 100, 107, 429 A.2d 1039 (1981) (same); Crocker, supra, 288 N.J. Super. at 257-58, 672 A.2d 226 (same). This construction also comports with New Jersey's long-standing and strong public policy favoring arbitration in general. See Barcon Assocs. v. Tri-County Asphalt Corp., 86 N.J. 179, 186, 430 A.2d 214 (1981). State Farm's proposed reading of N.J.S.A. 39:6A-5c obviously frustrates these salutary policies. Clearly, to ensure the viability of arbitration as *411 a forum for the resolution of PIP disputes is to foster these goals; many if not most claimants will choose to arbitrate rather than to litigate. Carriers should not be empowered to avoid arbitration simply by characterizing PIP disputes as questions of "entitlement" or "coverage" and then seeking judicial resolution of those issues.
It is true, as State Farm points out, that the issue of defendant's entitlement to extended income continuation and essential services benefits is a legal question involving statutory interpretation. Arbitrators, however, generally "have broad discretion in determining legal issues," so long as they do not "disregard terms and conditions set forth in the agreement [to arbitrate]." State, Dep't of Law & Pub. Safety, Div. of State Police v. State Troopers Fraternal Ass'n, 91 N.J. 464, 469, 453 A.2d 176 (1982); see Grover v. Universal Underwriters Ins. Co., 80 N.J. 221, 228-29, 403 A.2d 448 (1979); Daly v. Komline-Sanderson Eng'g Corp., 40 N.J. 175, 178, 191 A.2d 37 (1963) ("The essence of arbitration is, of course, that the arbitrators decide both the facts and the law."). As previously noted, the Legislature failed to distinguish between legal and factual disputes when it mandated PIP arbitration. N.J.S.A. 39:6A-5c. The statutory directive is that arbitration proceedings shall "be administered and subject to procedures established by the American Arbitration Association" (AAA). Ibid. AAA PIP Arbitration Rule 30 states: "The arbitrator shall render a decision in accordance with the statute and the applicable policy provisions." Craig & Pomeroy, New Jersey Auto Insurance Law, App. C-18 (1996). The arbitrator is thus charged with applying the PIP statute as a whole, guided by pertinent case law, and deciding both legal and factual questions in the process.
We reject State Farm's argument that New Jersey Mfrs. Ins. Co. v. Franklin, 160 N.J. Super. 292, 389 A.2d 980 (App.Div. 1978), is dispositive. There we held that, under a standard uninsured motorist (UM) arbitration provision, an arbitrator lacked jurisdiction to decide a "coverage" issue concerning whether the driver *412 who struck the claimant was "uninsured." Id. at 297, 301-02, 389 A.2d 980; see also Grover, supra, 80 N.J. at 228-30, 403 A.2d 448. Franklin is clearly distinguishable because UM arbitration is entirely a creature of contract, Craig & Pomeroy, supra, at § 23:1, and therefore the policy defines the scope of the arbitrator's power. The standard UM endorsement provides for arbitration only as to the claimant's entitlement to recover against the uninsured tortfeasor and the quantum of damages. Id. at §§ 23:1 and 23:2-1, and App. C-1, Part C; Franklin, supra, 160 N.J. Super. at 297, 389 A.2d 980 (describing the liability of the uninsured tortfeasor and the quantum of damages as the only arbitrable issues). Thus, absent a stipulation to submit a UM coverage issue to arbitration, the arbitrator has "no primary jurisdiction to determine that question." Ibid. PIP arbitration, by contrast, is a creation of the Legislature and the arbitrator's powers are therefore not so circumscribed.
Affirmed.[3]
NOTES
[1] We do not address the underlying question of entitlement to these benefits because it is not properly before us.
[2] We do not necessarily agree with State Farm's characterization of the issue as one of coverage. It is undisputed that the Molinos were covered by the policy and therefore entitled to PIP benefits. There is also no question that the policy included extended income continuation and essential services benefits. Thus, the question was not whether coverage existed but whether defendant was entitled to those benefits as a matter of law.
[3] In Point II of defendant's appellate brief, she argues that attorneys' fees "should be granted to [her] for responding to the declaratory judgment action and for responding to this appeal." We find no indication in the record that she ever applied for fees in the Law Division or that her application was denied. If no order was entered from which she could have cross-appealed, no appellate relief may be granted to her. Valenti v. Planning Bd., 244 N.J. Super. 77, 82, 581 A.2d 878 (App.Div. 1990). In any event, if an order denying defendant counsel fees was entered, her failure to cross-appeal would preclude the granting of appellate relief in her favor. Pressler, Current N.J. Court Rules, comment on R. 2:3-4 (1996).

With regard to defendant's request for counsel fees on appeal, she must move for such relief in accordance with R. 2:11-4.