737 A.2d 1186

LUCIO RODRIGUEZ, PLAINTIFF, v. GENERAL
ACCIDENT INS. CO., DEFENDANT.

Superior Court of New Jersey
Law Division, Passaic County

Decided May 5, 1998.

*William Pollack*, for plaintiff (*Pollack & Pollack*, attorneys).

*Edward S. Tucker*, for defendant (*Gutterman, Wolkstein, Klinger & Yohalem*, attorneys).

REISNER, J.S.C.

This is an automobile accident case in which plaintiff Lucio Rodriguez filed a complaint against General Accident Insurance company to recover personal injury protection (PIP) benefits pursuant to the No Fault Act, *N.J.S.A.* 39:6A–4. On April 30, 1998, after the case had been pending in the Superior Court for two years, plaintiff's counsel filed a request for binding arbitration

of plaintiff's claim for PIP benefits. Given the age of the case and the statutory availability of binding arbitration, *N.J.S.A.* 39:6A–5(h), the court had suggested at a previous conference of this case that the plaintiff might have the option to choose binding arbitration in lieu of proceeding in Superior Court, and invited the parties to address the issue without formal motion practice. Plaintiff contends that he should be able to exercise the option; defendant contends that the statute does not permit plaintiff to choose arbitration once he has filed a Superior Court complaint, particularly in view of the age of the case.

The policy of both the courts and the No Fault statute favors "prompt and efficient resolution of PIP disputes without resort to the judicial process." *State Farm Mut. Auto. v. Molino,* 289 *N.J.Super.* 406, 410, 674 *A.*2d 189 (App.Div.1996); *see also Roig v. Kelsey,* 135 *N.J.* 500, 516, 641 *A.*2d 248 (1994), concerning the goal of the No Fault Act to reduce court congestion. Moreover, the liberal construction of the arbitration provision of the PIP statute "comports with New Jersey's longstanding and strong public policy favoring arbitration in general." *State Farm Mut. Auto. v. Molino, supra,* 289 *N.J.Super.* at 410, 674 *A.*2d 189.

Nothing in the PIP arbitration provision, *N.J.S.A.* 39:6A–5(h), suggests that a plaintiff cannot withdraw a PIP action initially filed in Superior Court, in favor of binding arbitration of the PIP claim. Some claimants may not be aware of their statutory right to arbitration at the time their court complaints are filed, and given the statutory goal of reducing court congestion referral to arbitration is to be encouraged.

General Accident has made allegations concerning possible fraud in this case. There is, however, no separate counterclaim for fraud. Any evidence which the insurance company has concerning fraud as it relates to the PIP claim can be presented to the arbitrator.

Upon plaintiff's attorney's service on General Accident of a PIP Arbitration Demand (as set forth in Appendix C–18 of Craig & Pomeroy, *New Jersey Auto Insurance Law,* 1998 Edition) with a

copy to the court, the complaint in this case will be dismissed and the matter referred to binding arbitration.