**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2113
_____

GOVERNMENT EMPLOYEES INSURANCE CO;
GEICO INDEMNITY CO; GEICO GENERAL INSURANCE CO;
GEICO CASUALTY CO

v.

TRI COUNTY NEUROLOGY AND REHABILITATION LLC;
NABIL YAZGI; THOMAS SENATORE;
HUDSON NEUROLOGY & PAIN MANAGEMENT LLC;
SCOTT MURPHY, SERGEANT; JAMES D. RAINEY;
R&D CHIROPRACTIC ASSOCIATES;
GLEASON CHIROPRACTIC CENTER;
MICHAEL I. HADDAD, D.C.; CHIROPRACTIC CARE, P.C.;
CHARLES GLEASON

Thomas Senatore, DC, Tri-County Neurology and
Rehabilitation, LLC and Nabil Yazgi, MDMM,
Appellants
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2-14-cv-08071)
District Judge: Hon. Madeline Cox Arleo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2017
_____

Before: VANASKIE, SHWARTZ, and FUENTES, Circuit Judges.

(Filed: January 10, 2018)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

Tri-County Neurology Rehabilitation ("Tri-County"), Nabil Yazgi, and Thomas

Senatore (collectively, "Defendants") appeal the District Court's order reinstating

Government Employees Insurance Co., GEICO Indemnity Co., GEICO General

Insurance Company, and GEICO Casualty Co.'s (collectively, "GEICO") claim for a

declaratory judgment that GEICO is not obligated to pay $2,211,000.00 in pending

personal injury protection ("PIP") claims submitted by Tri-County. Because New Jersey

law requires that disputes regarding PIP claims be submitted to statutorily mandated

arbitration, we will reverse the order reinstating GEICO's declaratory judgment claim.

I

Tri-County operates a neurology and rehabilitation facility and provides services

to GEICO's insureds who suffered personal injuries. Tri-County submitted claims to

GEICO for payment for services that, among other things, were allegedly medically

unnecessary or coded in a way to inflate the amount of fees owed.[1] GEICO sought a

declaratory judgment that it is not obligated to pay $2,211,000.00 in allegedly fraudulent

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.
[1] Under New Jersey law, automobile insurers, like GEICO, are required to provide PIP benefits to insureds. An insured can assign his or her right to PIP benefits to healthcare providers, who, in turn, may submit claims directly to insurance companies to receive payment for medically necessary services.

PIP claims that Tri-County submitted to GEICO.[2]  The District Court initially abstained from adjudicating the claim based on Burford v. Sun Oil Company, 319 U.S. 315 (1943), abstention because New Jersey's statutorily mandated PIP arbitration system provides an adequate forum to adjudicate disputes over PIP payments, and adjudicating the claim would undermine the PIP arbitration system.  The District Court thereafter reconsidered

---

[2] In its Complaint, GEICO sought the following declaration apparently under New Jersey law:

> GEICO requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, declaring that:
>
> i.   Tri-County has no right to receive payment for any pending bills submitted to GEICO because Tri-County was not in compliance with all significant qualifying requirements of law that bore upon the rendition of the services.
> ii.  Tri-County has no right to receive payment for any pending bills submitted to GEICO because the services were not provided in compliance with all significant qualifying requirements of law that bore upon the rendition of the service.
> iii. Tri-County has no right to receive payment for any pending bills submitted to GEICO because the services were not medically necessary, and were performed – to the extent that they were performed at all – pursuant to pre-determined fraudulent protocols designed solely to financially enrich the Defendants.
> iv.  Tri-County has no right to receive payment for any pending bills submitted to GEICO because the billing codes used for the services misrepresented, unbundled, and exaggerated the level of services that purportedly were provided in order to inflate the charges submitted to GEICO.

App. 74-75.

The Complaint also contained claims for violations of the New Jersey Insurance Fraud Prevention Act, violations of 18 U.S.C. §§ 1962(c) and (d), common law fraud, and unjust enrichment.  The District Court dismissed these claims without prejudice. GEICO filed an Amended Complaint in which they repleaded these claims.  These claims are not the subject of this appeal.

3

its ruling and reinstated the declaratory judgment claim, holding that <u>Burford</u> abstention is appropriate only when a plaintiff challenges a state's regulatory scheme and not when, like in this case, a plaintiff challenges the application of a regulatory scheme to a specific controversy. The District Court also held, without explanation, that the request for declaratory judgment stated a claim for relief. The District Court subsequently granted certification for interlocutory review of its reconsideration order.

## II[3]

GEICO seeks a declaration that it is not obligated to pay $2,211,000.00 in allegedly fraudulent PIP claims submitted by Tri-County. The Declaratory Judgment Act confers on federal courts the power to declare the rights of litigants. 28 U.S.C. § 2201(a)

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367, and we have jurisdiction pursuant to 28 U.S.C. § 1292(b). "In reviewing an interlocutory appeal under 28 U.S.C. § 1292(b), this Court exercises plenary review over the question certified." <u>Florence v. Bd. of Chosen Freeholders of Burlington</u>, 621 F.3d 296, 301 (3d Cir. 2010) (citation omitted).

In reviewing a district court's abstention ruling, the underlying legal questions are subject to plenary review, but the decision whether to abstain is reviewed for an abuse of discretion. <u>Grode v. Mut. Fire, Marine & Inland Ins. Co.</u>, 8 F.3d 953, 957 (3d Cir. 1993).

We also exercise plenary review over a district court's denial of a motion to dismiss for failure to state a claim, <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220 (3d Cir. 2011), and apply the same standard as the District Court, <u>see</u> <u>Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co.</u>, 768 F.3d 284, 290 (3d Cir. 2014). Under that standard, we must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," <u>James v. City of Wilkes-Barre</u>, 700 F.3d 675, 679 (3d Cir. 2012). A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Thompson v. Real Estate Mortg. Network</u>, 748 F.3d 142, 147 (3d Cir. 2014) (internal quotation marks omitted).

4

(providing that the Court "may declare the rights and other legal relations of any interested party seeking such declaration").

The District Court correctly refrained from abstaining adjudication of this claim under Burford. Burford abstention "calls for a two-step analysis." Riley v. Simmons, 45 F.3d 764, 771 (3d Cir. 1995) (citing New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989)). The first question is whether "timely and adequate state-court review" is available. Id. If such review is available, the District Court next considers whether the case (1) implicates a regulatory scheme that "involves a matter of substantial public concern;" (2) "whether it is the sort of complex, technical regulatory scheme to which the Burford abstention doctrine usually is applied;" and (3) "whether federal review of a party's claims would interfere with the state's efforts to establish and maintain a coherent regulatory policy." Chiropractic Am. v. Lavecchia, 180 F.3d 99, 105 (3d Cir. 1999) (internal quotation marks omitted). Importantly, to trigger Burford abstention, an action must challenge a state's regulatory scheme, rather than actions taken under color of the scheme. Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 409-10 (3d Cir. 2005); see also Gov't Emps. Ins. Co. v. Uptown Health Care Mgmt., Inc., 945 F. Supp. 2d 284, 290-91 (E.D.N.Y. 2013) (concluding that Burford abstention did not apply because the plaintiffs "challenge[d] [the defendant's] fraudulent conduct, rather than New York's regulatory scheme"). Here, GEICO does not challenge the validity of New Jersey's no-fault automobile insurance statute or the PIP regulations, but rather seeks a declaration that Defendants are not entitled to collect money on any pending claims because of their fraudulent conduct. Accordingly, the District Court

5

correctly held that GEICO's declaratory judgment claim does not qualify as the type of challenge to a state regulatory scheme to which Burford abstention applies.

Although Burford abstention does not apply, the Declaratory Judgement Act claim—seeking a declaration that, under New Jersey Law, GEICO can withhold payment of $2,211,000.00 in pending PIP claims due to an alleged fraud—does not provide a basis for relief. In New Jersey, disputes between medical providers and insurance companies over the payment of PIP claims must be resolved through a statutorily mandated arbitration process. The New Jersey Automobile Insurance Cost Reduction Act provides that:

> Any dispute regarding the recovery of medical expense benefits or other benefits provided under personal injury protection coverage . . . arising out of the operation, ownership, maintenance, or use of an automobile may be submitted to dispute resolution on the initiative of any party to the dispute, as hereinafter provided.

N.J. Stat. Ann. § 39:6A-5.1(a). The statute defines "disputes involving medical expense benefits" to include "whether the disputed medical treatment was actually performed," "the necessity or appropriateness of consultations by other health care providers," and "whether the treatment performed is reasonable, necessary, and compatible with the protocols provided." N.J. Stat. Ann. § 39:6A-5.1(c). New Jersey courts have held that the statute mandating PIP arbitration must be read "broadly" and that "arbitrators are authorized to determine both factual and legal issues," State Farm Ins. Co. v. Sabato, 767 A.2d 485, 487 (N.J. Super. Ct. App. Div. 2001) (citing State Farm Mut. Auto. Ins. Co. v. Molino, 674 A.2d 189, 191 (N.J. Super. Ct. App. Div. 1996)), including whether a medical provider's claims should be "disqualified for fraud," id. at 486-87.

6

Based on the PIP arbitration statute and the New Jersey Appellate Division decisions interpreting it, the District Court cannot provide a declaration stating that GEICO may withhold payment of $2,211,000.00 in PIP claims due to an alleged fraud. Instead, this dispute falls under New Jersey's PIP arbitration statute, and GEICO and the Defendants each have the statutory right to compel arbitration to resolve this dispute. Because GEICO's request for a declaratory judgment "fail[s] to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6),[4] it should have been dismissed.

III

For the reasons set forth above, we will reverse the order of the District Court and remand with instructions to dismiss the request for a declaratory judgment.

---

[4] GEICO argues that Allstate Insurance Company v. Lopez supports the proposition that it is not required to resolve the question of the pending PIP claims through arbitration. 710 A.2d 1072, 1076-77 (N.J. Super. Law Div. 1998). Lopez involved a declaratory judgment action in which the trial court held that Allstate, an automobile insurer, was not obligated to pay PIP claims resulting from an insurance fraud scheme involving over 400 defendants. Id. The Appellate Division acknowledged the uniquely large scope of the fraud in Lopez, but has held that, in the ordinary course, disputes over allegedly fraudulent PIP claims should be resolved through arbitration. Sabato, 767 A.2d at 487. The instant case does not have the number of parties and case management complexities of Lopez.

Moreover, the presence of a claim for damages under the New Jersey Insurance Fraud Prevention Act does not impact an arbitrator's ability to resolve a claim for fraud. Id. at 486.