928 A.2d 154 (2007)
395 N.J. Super. 156
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Nicholas FIOURIS, Defendant-Respondent, and
Clifford Medical and Rehabilitation, Neurology and Pain Management Associates, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued June 27, 2007.
Decided July 27, 2007.
George A. Prutting, Jr., Audubon, argued the cause for appellant (Prutting & Lombardi, attorneys; Mr. Prutting and Michael R. Logue, Lincoln University, PA, of counsel and on the brief).
S. Gregory Moscaritolo argued the cause for respondent.
Before Judges SKILLMAN, GRALL[1] and KING.
The opinion of the court was delivered by
*155 SKILLMAN, P.J.A.D.
The question presented by this appeal is whether an insurer that rejects a claim for personal injury protection (PIP) benefits on the ground that the insured procured the policy by a fraudulent representation must submit the issue of such fraud to PIP arbitration. We conclude that N.J.S.A. 39:6A-5.1, which provides for arbitration of disputes regarding PIP benefits, does not apply to a dispute regarding alleged fraud in the procurement of the policy.
On January 1, 2005, defendant Nicholas Fiouris was involved in a motor vehicle accident in Hillside, New Jersey. At the time of the accident, Fiouris was insured under an automobile liability policy issued by plaintiff Nationwide Mutual Fire Insurance Company. This policy provided for the PIP benefits required under the laws of Pennsylvania, where Fiouris claimed to reside when he applied for the policy.
Fiouris received medical treatment for the injuries he suffered in the accident from defendants Cliffside Park Imaging and Diagnostic Center and Neurology and Pain Management Associates, and subsequently assigned his right to PIP benefits under the Nationwide policy to them. These medical providers subsequently submitted claims for PIP benefits to Nationwide. In investigating those claims, Nationwide allegedly discovered that Fiouris did not reside in Pennsylvania, as he had represented in his application for the policy, but instead in Newark, New Jersey. Based on this discovery, Nationwide refused to pay the PIP claims submitted by the medical providers, who then submitted demands for PIP arbitration to the National Arbitration Forum.
Nationwide responded by filing this action in the Law Division to void the policy on the ground that it had been issued in reliance upon a material misrepresentation by Fiouris that he was a Pennsylvania resident. Nationwide claims that this misrepresentation constituted fraud, in violation of the Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 to -30. Nationwide asserts that if it had known Fiouris was a New Jersey resident, it would not have issued him a policy because it is not authorized to write private passenger automobile insurance in New Jersey.
Fiouris moved to dismiss the complaint on the ground that Nationwide's fraud claim should be decided by the arbitrator appointed to hear the medical providers' PIP claims. The trial court granted this motion by a written decision, which relied upon State Farm Insurance Co. v. Sabato, 337 N.J.Super. 393, 767 A.2d 485 (App.Div. 2001), and State Farm Mutual Automobile Insurance Co. v. Molino, 289 N.J.Super. 406, 674 A.2d 189 (App.Div.1996).
The statute requiring the arbitration of PIP claims is N.J.S.A. 39:6A-5.1(a),[2] which provides:
Any dispute regarding the recovery of medical expense benefits or other benefits provided under personal injury protection coverage pursuant to [N.J.S.A. 39:6A-4, N.J.S.A. 39:6A-3.1 or N.J.S.A. 39:6A-3.3] arising out of the operation, ownership, maintenance or use of an automobile may be submitted to dispute *156 resolution on the initiative of any party to the dispute, as hereinafter provided.
By the plain terms of this statute, it only requires arbitration of disputes "regarding the recovery [of PIP benefits]." It does not require arbitration of a claim of fraud in the inception of the policy or other claim involving the validity of the policy. A dispute regarding alleged fraud in the procurement of an insurance policy does not involve "interpretation of the [provisions of] the insurance contract" relating to PIP benefits, N.J.S.A. 39:6A-5.1(c)(1), but instead a dispute as to whether there is a valid insurance contract. N.J.S.A. 39:6A-5.1 only comes into play when there is a dispute regarding entitlement to or the amount of PIP benefits under a valid, operative automobile policy.
In Sabato, the decision primarily relied upon by the trial court, there was no dispute concerning the validity of the insurance policy under which PIP benefits were claimed. However, the insurer denied PIP benefits on the ground that one claimant lied regarding his social security number and another claimant provided information regarding his claim that was "confusing and evasive." 337 N.J.Super. at 394, 767 A.2d 485. We concluded that this defense to the claims for PIP benefits, which involved solely the claimants' entitlement to PIP benefits and not the validity of the underlying policy, was subject to PIP arbitration even though it was based on an allegation of fraud in the submission of the PIP claims. Id. at 396-97, 767 A.2d 485.
The other decision relied upon by the trial court, Molino, also did not involve any dispute regarding the validity of the policy. The only question in that case was whether the insurer's argument that income continuation and essential service benefits cease upon the death of the claimant was subject to PIP arbitration or had to be decided by a court because it was a legal question. 289 N.J.Super. at 408, 674 A.2d 189. In concluding that the issue was arbitrable, we stated:
It is true, as State Farm points out, that the issue of defendant's entitlement to extended income continuation and essential services benefits is a legal question involving statutory interpretation. Arbitrators, however, generally "have broad discretion in determining legal issues," so long as they do not "disregard terms and conditions set forth in the agreement [to arbitrate]." As previously noted, the Legislature failed to distinguish between legal and factual disputes when it mandated PIP arbitration.
[Id. at 411, 674 A.2d 189 (citations omitted).]
We also observed that "[c]arriers should not be empowered to avoid arbitration simply by characterizing PIP disputes as questions of `entitlement' or `coverage' and then seeking judicial resolution of those issues." Ibid.
Thus, Sabato and Molino are consistent with our conclusion that N.J.S.A. 39:6A-5.1 only requires arbitration of disputes regarding entitlement to or the amount of PIP benefits and that a dispute regarding the validity of an insurance policy under which PIP benefits are claimed is subject to judicial resolution.
This conclusion is indirectly supported by Palisades Safety & Insurance Association v. Bastien, 175 N.J. 144, 814 A.2d 619 (2003), which involved a claim for PIP benefits by the wife of an insured who had intentionally failed to place his wife's name on the policy to reduce the amount of the premium. In response, the insurer filed an action for a declaration that the policy was void due to the husband's material misrepresentations and therefore it had no obligation to pay the wife PIP benefits. Id. at 147, 814 A.2d 619. The Supreme Court upheld the insurer's position and *157 affirmed a judgment declaring that the policy was void and that the insured's wife was not entitled to PIP benefits even though she was unaware of her husband's misrepresentations. Id. at 149-52, 814 A.2d 619. Although not raised as an issue in the appeal, the obvious premise of the Court's decision was that the validity of the policy, and the effect of a declaration of invalidity upon the wife's claim for PIP benefits, were appropriate subjects for judicial resolution rather than submission to PIP arbitration.
Our conclusion that Nationwide is entitled to a judicial resolution of its claim that Fiouris' policy is void due to his alleged misrepresentation of his state of residence is reinforced in the present case by the fact that Nationwide asserts its claim under the Insurance Fraud Prevention Act, which expressly provides that an "insurance company damaged as the result of a violation of any provision of this act may sue therefor in any court of competent jurisdiction[.]" N.J.S.A. 17:33A-7(a) (emphasis added). It is clear from this provision that the Legislature did not contemplate that a claim of a violation of the Insurance Fraud Prevention Act would be heard by an arbitrator. See Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 173-74, 892 A.2d 1240 (2006).
Finally, we note that Fiouris has attached documents to his brief which he claims show that issues of alleged fraudulent representation of the insured's state of residence have been submitted to PIP arbitration in more than one hundred prior instances. Those documents were not submitted to the trial court and have not been properly authenticated. In any event, those documents do not indicate that the insurers involved in such prior cases objected to submission to PIP arbitration of the issue of the validity of the policy. Our conclusion that N.J.S.A. 39:6A-5.1 does not mandate submission of an issue of fraud in the inception of the policy to PIP arbitration does not preclude the insured and insurer from voluntarily agreeing to arbitrate this issue.
Accordingly, the order dismissing Nationwide's complaint is reversed and the case is remanded to the trial court for further proceedings in conformity with this opinion.
NOTES
[1] Judge Grall did not hear oral argument. However, with the consent of the parties, she has participated in the decision.
[2] The cases relied upon by the trial court, Sabato and Molino, involved interpretation of the PIP arbitration provision contained in N.J.S.A. 39:6A-5c, which was replaced in 1998 by N.J.S.A. 39:6A-5.1. L.1998, c. 21, §§ 23, 24. The primary change affected by the 1998 amendment is that only the insured could demand PIP arbitration under N.J.S.A. 39:6A-5c while either the insured or the insurer can demand PIP arbitration under N.J.S.A. 39:6A-5.1. See Allstate Ins. Co. v. Sabato, 380 N.J.Super. 463, 469-70, 882 A.2d 972 (App.Div.2005).