In the

# United States Court of Appeals
## For the Seventh Circuit

―――――――――――

No. 22-1214

RACHAEL SCHMEES, formerly known as
RACHAEL BLACK,

*Plaintiff-Appellant,*

*v.*

HC1.COM, INC.,

*Defendant-Appellee.*

―――――――――――

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:18-cv-3606-JPH-DLP — **James Patrick Hanlon**, *Judge.*

―――――――――――

ARGUED SEPTEMBER 30, 2022 — DECIDED AUGUST 8, 2023

―――――――――――

Before WOOD, ST. EVE, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge*. One week after Rachael Schmees started working for HC1.COM, the company eliminated her position and terminated her employment. Schmees sued HC1, alleging that it fraudulently induced her to join the company by making false assurances about its financial outlook and her prospects for career advancement. This appeal is

limited to the district court's rulings denying Schmees leave to amend her complaint at two points in the litigation.

At the pleading stage, HC1 moved to dismiss Schmees's first amended complaint. Three months after the parties had fully briefed the motion, Schmees sought leave to amend her complaint a second time to add new factual allegations buttressing the same fraud claims. The district court resolved both motions in the same order. The court denied HC1's motion to dismiss Schmees's fraud claims, concluding that her first amended complaint contained sufficient allegations to proceed. The court then denied as moot the motion for leave to amend because the first amended complaint had survived HC1's motion to dismiss. The district court gave Schmees a month to renew the motion, but she opted not to seek further amendment.

That is, until summary judgment. In response to HC1's motion for summary judgment, Schmees attempted to supplement her complaint with a new fraud claim via her briefing. The district court granted summary judgment for HC1, finding the new fraud claim was beyond the scope of the complaint and declining to treat her response brief as a de facto amendment to the complaint.

On appeal, Schmees challenges the district court's decisions to deny her leave to amend at both points. But the district court did not abuse its discretion in making either ruling. After concluding that Schmees had sufficiently stated her fraud claims, adding new facts supporting those claims was unnecessary. What's more, the court invited Schmees to seek leave again, but she never did so. And at summary judgment, it was too late for Schmees to add a new claim beyond the scope of the complaint. We affirm.

I

HC1.COM is a technology company that provides cloud-based software to clients in the healthcare industry. As part of its efforts to grow its customer base in late 2017, HC1 created an account executive position focused on the post-acute care market. HC1 interviewed Rachael Schmees for the position in early October 2017. During the interview, the chief operating officer told Schmees that the company's finances were secure, and it was in "an ideal position for [Schmees] to thrive." HC1 offered Schmees the job, and she immediately accepted. Schmees's offer letter included a provision that made her employment contingent on her subsequent signing of an Employee Confidentiality and Non-Solicitation Agreement ("Agreement"). Schmees started working for HC1 on December 11 and signed the Agreement on December 13.

Schmees's first week at HC1 was also her last. By the time she had started, the company was already facing troubles in the post-acute care market. On December 8, members of HC1's board of directors began discussing the company's response, including cutting expenses and raising additional capital. Three days later, the board voted to eliminate the recently created post-acute care positions, including Schmees's. A week later, HC1 informed Schmees that the company had eliminated her position and terminated her employment.

Schmees sued HC1, alleging fraud, fraudulent inducement, promissory estoppel, and intentional infliction of emotional distress. The first amended complaint alleged that HC1 knew that her position was on the chopping block by December 8. It also stated that the COO made false statements during her October 2017 interview (that the company was in excellent financial condition and had a job for her to thrive) that

had fraudulently induced Schmees to resign from her former employer. The first amended complaint contained no mention of reliance on the Agreement or that HC1 eliminated her position before she signed the Agreement.

HC1 moved to dismiss the first amended complaint. After the motion had been fully briefed for three months, Schmees moved for leave to file a second amended complaint. The motion sought to add new allegations that HC1 knew that Schmees's position would be eliminated before she started working there but failed to tell her. HC1 opposed Schmees's motion for leave to file a second amended complaint, arguing in part that Schmees added new facts—not new claims—so whether to grant leave to amend might be moot.

The district court denied HC1's motion to dismiss Schmees's fraud and fraudulent inducement claims. (It dismissed other claims not relevant to this appeal.) In the same order, the district court denied Schmees's motion to file a second amended complaint as moot—Schmees had argued that the amendment only added new facts in support of the first amended complaint's claims. Even so, the court gave Schmees thirty days to refile a motion seeking leave to amend. She did not refile.

Following discovery, HC1 moved for summary judgment on the remaining fraud claims. Schmees's response opposing HC1's motion for summary judgment argued that when HC1 gave her the Agreement on December 12 and asked her to enter into it on December 13, HC1 committed fraud because it had already eliminated the position. Her response brief emphasized that there were two instances of fraud perpetuated by HC1—the false statements about the financial health of the company (alleged in the operative complaint) and the new

conduct-based fraud (identified in her summary judgment brief). Schmees conceded that this latter conduct-based fraud claim was a new claim but asked the district court to amend her pleadings at summary judgment.

The district court declined and granted summary judgment for HC1. It concluded that the new fraud claim based on the presentation of the Agreement was beyond the scope of the complaint, and that Schmees's renewed attempt to amend the complaint by a footnote in her summary judgment brief came too late.

## II

To begin, Schmees argues the district court abused its discretion by concluding that her motion for leave to file a second amended complaint was moot. We review the denial of leave to amend for abuse of discretion. *Lee v. NE. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th Cir. 2019). District courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In evaluating a denial of leave to amend, we consider whether it caused prejudice to the plaintiff, which "ordinarily requires a party to show how she would have amended her pleading … in the district court, unless the court closed that door[.]" *Law Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022).

Schmees says the district court's failure to provide a justification for the denial to amend her pleadings was an abuse of discretion. The district court, however, denied the motion as "moot," for reasons that are apparent from the record. See *Access Living of Metro. Chi. v. Uber Techs., Inc.*, 958 F.3d 604, 616 (7th Cir. 2020) ("A court abuses its discretion if its conclusions cannot be rationally supported by the record.") (citation and

quotation marks omitted). Schmees stated that her motion was merely providing more facts to support her existing fraud claims. When a plaintiff characterizes a new proposed complaint in this way, district courts are not required to parse through that material to determine whether the new facts give rise to a new claim that the plaintiff has failed to identify. See *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Instead, the plaintiff carries the responsibility of identifying the nature of the contents within its complaint. See *id.* Here, after the district judge concluded that the first amended complaint sufficiently stated claims for fraud, the additional factual allegations became superfluous. At that point, the claim was moving forward with or without the new allegations, so the district court did not abuse its discretion in denying the motion to amend as moot. Schmees also cannot show any prejudice because the court permitted her to renew the motion, but she declined to do so.

Next, Schmees contests the district court's determination that her new conduct-based fraud claim—asserted for the first time at summary judgment—was beyond the scope of her complaint. We agree with the district court. The operative first amended complaint alleged that Schmees gave up guaranteed employment at her old job because she relied on certain fraudulent statements about HC1's financial stability *before* her employment there officially began on December 11. That alleged fraud is separate from the new fraud claim she asserted at summary judgment, which concerned fraudulent conduct by HC1 *after* she started working at the company (i.e., the presentation of an Agreement on December 12 when HC1 knew her position would be eliminated). This second fraud claim was not pleaded in the first amended complaint—a

point that Schmees conceded in her response opposing HC1's summary judgment motion and again at oral argument.

Schmees argues that HC1 had notice of the allegations surrounding the Agreement, which she referenced in the proposed second amended complaint and throughout the litigation. Schmees therefore contends the district court should have allowed her to constructively amend her complaint at summary judgment. But defendants are entitled to fair notice of each claim against them, as required by the Federal Rules of Civil Procedure. See *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). And we agree with the district court that Schmees's summary judgment briefing sought to add a new claim, not merely a new legal theory.

Our case law is muddled as to whether district courts have discretion to allow amendment of a complaint through summary judgment briefing. In *Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852 (7th Cir. 2017), we said that if the plaintiff's arguments change the complaint's factual theory, "the plaintiff may be attempting in effect to amend its complaint, and the district court *has discretion* to deny the de facto amendment and to refuse to consider the new factual claims." *Id*. at 860 (emphasis added). The very next year, we wrote that "although a plaintiff generally can alter the legal theories asserted in its complaint, it *cannot* alter the factual basis of its complaint at summary judgment. Such an alteration would be an *unacceptable* attempt to amend the pleadings through summary judgment argument." *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 900 F.3d 529, 540 (7th Cir. 2018) (cleaned up) (emphases added). Thus, sometimes our cases say that a district court has discretion to treat a new factual allegation presented in

briefing as a constructive motion to amend; other times they say that presenting new factual allegations in briefing is absolutely prohibited—that district courts lack discretion to consider them. Circuits appear similarly split on this issue. *Adams v. C3 Pipeline Const. Inc.*, 30 F.4th 943, 971 & n.12 (10th Cir. 2021) (treating new claims in briefing as a constructive motion to amend and noting that the Sixth and Eleventh Circuits take "a more restrictive view" like that in *BRC*). We take this opportunity to clean up our case law and provide guidance to district courts.

We hold that district courts retain discretion to interpret new factual allegations or claims presented in a plaintiff's briefs as a constructive motion to amend. We do so for three reasons.

The first is textual. The Federal Rules of Civil Procedure coexist, for the most part, in harmony. They contain no blanket prohibition like that mentioned in *BRC* or recognized by some other circuits. See, e.g., *Jackson v. Gautreaux*, 3 F.4th 182, 188–89 (5th Cir. 2021). The proposed blanket prohibition finds a ready home in none of Rule 8 (pleading requirements), Rule 15 (amendment), or Rule 56 (summary judgment). However well-intentioned the blanket rule is, we decline to locate it in the Rules' interstices. Doing so would be all the more odd given that Rule 15(b) permits amendments during trial. If amendments during trial are entrusted to a district court's discretion, amendments before trial should be, too.

The second is precedential. Our prohibition line of cases traces to *Shanahan v. City of Chicago*, 82 F.3d 776 (7th Cir. 1996), where we held that "[a] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Id*. at 781. For that proposition

we cited our earlier opinion in *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984), which held it "axiomatic" that a complaint may not be amended by a brief in opposition to a motion to dismiss. *Id*. at 1107. But if we dig through the authority *Car Carriers* relied on, we reach *Chambliss v. Coca-Cola Bottling Corp.*, 274 F. Supp 401 (E.D. Tenn. 1967), which concluded only that "the practice of amending by brief seems inappropriate." *Id.* at 409. We wholeheartedly agree, but inappropriate and impermissible are not synonyms. Other circuits' precedent yields similar results. Take the Fifth Circuit as an example. The seminal case supporting a blanket prohibition in that circuit seems to be *Cutrera v. Board of Supervisors of Louisiana State University*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."). *Cutrera*'s lone authority for that proposition is *Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073 (5th Cir. 1990). But *Fisher* held only that the district court did not "abuse its discretion" in denying leave to amend. *Id*. at 1078. In short, the blanket prohibition recognized here and elsewhere rests on an unsettled foundation.

Finally, whether a plaintiff's argument amounts to a new claim (generally impermissible) or a new legal theory (permissible) is unknowable until the district court considers and resolves the issue. This raises both a prudential and a practical point. On the prudential point: District courts are far better positioned to discern whether a plaintiff's new claims are fair game. We are reluctant to foreclose the possibility that an improbable confluence of events might justify constructive amendment. Such a confluence will be all but impossible for a counseled plaintiff to establish. Even so, only when the general principles governing amendment of a complaint are

satisfied should constructive amendment be permitted. We expect justice will rarely require leave to amend in the context of new claims presented for the first time in opposition to a motion for summary judgment. On the practical side: Since she cannot know how the district court will construe her opposition until after summary judgment is resolved, a plaintiff may lose the opportunity to seek leave to amend if her arguments are treated as a new claim. Given Rule 1's instruction that we interpret the Rules to promote the "just, speedy, and inexpensive" resolution of cases, we decline to adopt a rule that could burden courts with a slew of perhaps-unnecessary motions to amend.

In sum, a district court retains discretion to treat new claims presented for the first time in briefing as a constructive motion to amend. It will rarely be appropriate to do so. If the district court elects to do so, it should apply the familiar standards governing when leave to amend should be granted, paying particular attention to the potential for prejudice to other parties. The practical effect of today's holding should be negligible. As we said at the outset, our goal is to clean up an inconsistency we detected in our precedents, nothing more.[*]

Returning to the particulars of this case: The district court did not abuse its discretion by declining to treat Schmees's new allegations as a constructive motion to amend. Schmees first offered the facts to support her new claim in her proposed second amended complaint, the one the district court denied as unnecessary. When it did so, the district court

---

[*] We circulated this opinion to the full court pursuant to Circuit Rule 40(e) because it abandons the parts of our cases recognizing a blanket prohibition on constructive amendment through briefing. No judge favored rehearing en banc the question of whether to disavow our bright line rule.

granted Schmees thirty days to explain why the second amendment was necessary. She declined the invitation. Having rejected the opportunity to properly add the factual underpinnings for the new claim, justice did not require that Schmees be allowed to smuggle it into the case through her summary judgment briefing.

Schmees's counterarguments are unpersuasive. She tries to distinguish *Andersonv. Donahoe*, 699 F.3d 989 (7th Cir. 2012), by saying the district court relied on Rule 9(b)'s particularity requirement, which wasn't at issue in *Anderson*. But the district court rooted its decision in the general rule against amendment-by-briefing, not Rule 9(b). Schmees also says HC1 had notice of her conduct-based fraud claim through her (1) proposed second amended complaint, (2) statement of claims, (3) reference to the Agreement during the settlement conference, and (4) witness and exhibit lists. But none of this could put HC1 on notice that Schmees was pursuing a new claim of fraud not mentioned in the operative first amended complaint. This is all the more true because the new claim's underpinnings were in the proposed second amended complaint—the complaint Schmees elected not to pursue. It was reasonable for HC1 to assume that, since she elected not to refile that complaint, Schmees was not pursuing any claims based on those facts. In sum, Schmees's "attempt to amend [her] complaint by way of a footnote in [her] response to defendants' motion for summary judgment was properly denied by the district court," *Shanahan*, 82 F.3d at 781, so it had no need to consider the viability of that untimely claim.

AFFIRMED