**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____


Nos. 23-1378, 23-2019 & 23-2053
_____


GOVERNMENT EMPLOYEES INSURANCE CO.; GEICO
INDEMNITY CO.; GEICO GENERAL INSURANCE
COMPANY; GEICO CASUALTY CO.

v.

MOUNT PROSPECT CHIROPRACTIC CENTER, P.A.,
d/b/a Mount Prospect Health Center; TERRY
MCSWEENEY, D.C.; HASSAN MEDICAL PAIN RELIEF
AND WELLNESS CENTER LLC, d/b/a Hassan Spine and
Sports Medicine; SHADY HASSAN, M.D.

HASSAN MEDICAL PAIN RELIEF AND WELLNESS
CENTER LLC, d/b/a Hassan Spine and Sports Medicine;
SHADY HASSAN, M.D.,

Appellants in No. 23-1378

GOVERNMENT EMPLOYEES INSURANCE CO; GEICO INDEMNITY CO; GEICO GENERAL INSURANCE CO; GEICO CASUALTY CO

v.

CARING PAIN MANAGEMENT PC, AKA Caring Pain Management; JINGHUI XIE, MD; FIRST CARE CHIROPRACTIC CENTER LLC; KONSTANTINE FOTIOU, D.C.


CARING PAIN MANAGEMENT PC, AKA Caring Pain Management; JINGHUI XIE, MD,

Appellants in No. 23-2019


GOVERNMENT EMPLOYEES INSURANCE CO; GEICO INDEMNITY CO; GEICO GENERAL INSURANCE CO; GEICO CASUALTY CO

v.

WAEL ELKHOLY, MD; PRECISION PAIN & SPINE INSTITUTE LLC; PRECISION SPINE & SPORTS MEDICINE OF NEW JERSEY LLC; PRECISION ANESTHESIA ASSOCIATES PC; ASHRAF SAKR, MD; FOUAD KARAM, D.C.; LUIS RAMIREZ-PACHECO, MD; LYDIA SHAJENKO, MD; STUART ATKIN, MD; MEHRDAD LANGROUDI, MD; CHANG LEE, MD; KHALED MORSI, MD; MONICA JOHNSON, N.P.,

Appellants in No. 23-2053

2

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action Nos. 2-22-cv-00737, 2-22-cv-05017, and
3-21-cv-16255)
District Judges: Honorable John M. Vazquez, Honorable
Brian R. Martinotti, and Honorable Michael A. Shipp

Argued on January 18, 2024

Before:  JORDAN, BIBAS, and AMBRO, Circuit Judges

(Opinion filed: April 15, 2024)

Brian Block
Andrew Gimigliano **[Argued]**
Mandelbaum Barrett
3 Becker Farm Road
Suite 105
Roseland, NJ 07068

       Counsel for Appellants in Case Nos. 23-1378,
       23-2019 & 23-2053

Mohamed Nabulsi
Mandelbaum Barrett
3 Becker Farm Road
Suite 105
Roseland, NJ 07068

       Counsel for Appellants in Case Nos. 23-2019 &
       23-1378

Damian P. Conforti
Mandelbaum Barrett
3 Becker Farm Road
Suite 105
Roseland, NJ 07068

       Counsel for Appellants in Case No. 23-1378

Max S. Gershenoff **[Argued]**
Rivkin Radler
926 RXR Plaza
West Tower
Uniondale, NY 11556

Gene Y. Kang
Rivkin Radler
25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601

       Counsel for Appellees in Case Nos. 23-1378,
       23-2019 & 23-2053

Yonatan Bernstein
Rivkin Radler
926 RXR Plaza
West Tower
Uniondale, NY 11556

       Counsel for Appellees in Case No. 23-1378

---

OPINION OF THE COURT

---

**AMBRO**, Circuit Judge

These consolidated appeals ask if claims under New Jersey's Insurance Fraud Prevention Act ("IFPA"), N.J. Stat. Ann. §§ 17:33A-1 to 30, are arbitrable. They are, so we reverse and compel arbitration.

Background

Before us are three strikingly similar cases. Plaintiff-appellee Government Employees Insurance Company and certain affiliates (collectively, "GEICO") sued defendants-appellants (collectively, the "Practices"[1]) in separate actions in the District of New Jersey, alleging they defrauded GEICO of more than $10 million by abusing the personal injury protection ("PIP") benefits offered by its auto policies. It alleges the Practices filed exaggerated claims for medical services (sometimes for treatments that were never provided), billed medically unnecessary care, and engaged in illegal kickback schemes. GEICO's suits against the Practices each included a claim under the IFPA, which gives insurers a fraud-

---

[1] For simplicity, we refer to each case by a medical practice defendant – Precision Pain and Spine Institute, L.L.C. ("Precision Spine"), Mount Prospect Chiropractic Center, P.A. ("Mount Prospect"), and Caring Pain Management P.C. ("Caring Pain").

like action with fewer elements than common-law fraud. *Allstate N.J. Ins. Co. v. Lajara*, 117 A.3d 1221, 1231-32 (N.J. 2015). The Practices sought arbitration of GEICO's IFPA claim, arguing both that a valid arbitration agreement covered the claim and that a different New Jersey insurance law allowed them to compel arbitration. But each District Court disagreed, ruling instead that IFPA claims cannot be arbitrated. The Practices appeal to us.

Jurisdiction and Standard of Review

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, provides us jurisdiction over interlocutory appeals of orders declining to compel arbitration. FAA § 16(a)(1)(B); *In re Rotavirus Vaccines Antitrust Litig.*, 30 F.4th 148, 153 (3d Cir. 2022).

We review *de novo* rulings on motions to compel arbitration. *Flinktote Co. v. Aviva PLC*, 769 F.3d 215, 219 (3d Cir. 2014). Our role is to apply the test district courts are to use in deciding those motions. *Singh v. Uber Techs., Inc.*, 939 F.3d 210, 217 (3d Cir. 2019).

When federal courts answer questions of state law, they rule as they predict the state supreme court would. *New Castle Cnty. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 174 F.3d 338, 342 (3d Cir. 1999). If that court has not issued a determinative decision, we may consider decisions from state appellate courts, though we are not bound by them if they are not well reasoned or otherwise unpersuasive. *In re Makowka*, 754 F.3d 143, 148-52 (3d Cir. 2014) (disagreeing with precedential state appellate decision because we are "not, in fact, bound by [such] a decision[,]" and "the decision's sparse reasoning and internal

6

inconsistency" would not persuade the state supreme court); *Roma v. United States*, 344 F.3d 352, 359-62 (3d Cir. 2003) (disregarding state intermediate appellate decision because it "is inconsistent with the plain language of [the statute] . . . and, therefore, cannot be used as an accurate predictor of how the Supreme Court of New Jersey would [rule]"). If the state supreme court would not defer to those opinions, then – given that our goal is predicting that court's decision – neither will we.[2]

A. IFPA Claims Can Be Arbitrated.

GEICO's primary argument to us is that the IFPA implicitly prohibits arbitration. This might defeat the

---

[2] This is not to say that we disregard intermediate state appellate decisions merely because we disagree with them. We are not writing on an empty slate, and state appellate courts are more expert at deciding state law questions than we are. We owe that expertise significant respect when state courts use it. *Budget Rent-A-Car Sys., Inc. v. Chappell*, 407 F.3d 166, 174 (3d Cir. 2005) (we afford the "considered judgment[s]" of "intermediate appellate state court[s]" meaningful deference. (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 233, 237 (1940))). But the deference we should give has limits, and if we believe an opinion is unsupported, we should not reflexively follow it. Circuit courts are competent to interpret state law, too. *Cf. United States v. Defreitas*, 29 F.4th 135, 141 (3d Cir. 2022) ("[I]t is inappropriate to certify any state-law question solely because its outcome may control a case; federal courts are often required to make faithful predictions of how a state supreme court will rule.")

Practices' effort to compel arbitration under a different New Jersey law and could do the same for the Practices' FAA-based request. While the FAA typically preempts state laws that prohibit arbitration, another federal statute, the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, complicates the analysis here. That act reverse-preempts federal laws that "invalidate, impair, or supersede" state insurance laws. *Id.* § 1012(b); *Humana Inc. v. Forsyth*, 525 U.S. 299, 306-07 (1999). If compelling arbitration would "invalidate, impair or supersede" the IFPA, then we must disregard the FAA's contrary command.

GEICO bears the burden of persuading us that the IFPA prohibits arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). In New Jersey, a statute bars arbitration "only if [its text] or its legislative history evidences an intention to preclude alternate forms of dispute resolution[.]" *Curtis v. Cellco P'ship*, 992 A.2d 795, 800 (N.J. App. Div. 2010) (internal quotation marks omitted).

GEICO's first argument is a massive string cite. It claims that every known decision has held IFPA claims inarbitrable; the Practices cite no case holding otherwise. But on closer inspection, GEICO's string cite lacks force.

The only appellate decision GEICO cites is *Nationwide Mutual Fire Insurance Co. v. Fiouris*, 928 A.2d 154 (N.J. App. Div. 2007), *certif. denied*, 934 A.2d 640 (N.J. 2007). GEICO relies on its statement that "the Legislature did not contemplate that a claim of a violation of the [IFPA] would be heard by an arbitrator," *id.* at 157, for the proposition that "IFPA claims are inarbitrable as a matter of law." Caring Pain GEICO Br. 15-16. But we do not think *Fiouris* stands for that proposition.

8

First, the authority *Fiouris* cites to support this statement does not suggest that the IFPA prohibits arbitration. It relies on IFPA § 7(a), a permissive jurisdiction provision saying insurers "may sue" for IFPA violations "in any court of competent jurisdiction." But those provisions do not prohibit arbitration. *Gay v. CreditInform*, 511 F.3d 369, 383 (3d Cir. 2007). And *Fiouris* cites only one case to support GEICO's key sentence. 928 A.2d at 157 (citing *Liberty Mut. Ins. Co. v. Land*, 892 A.2d 1240, 1246-47 (N.J. 2006)). The cited section of *Land* merely summarizes the IFPA – it doesn't discuss arbitration. 892 A.2d at 1246-47. That is not surprising, because *Land* dealt with the standard of proof for IFPA claims, not their arbitrability. *Id.* at 1241. So we do not see *Fiouris*'s statement as the arbitration bar GEICO says it is.

Second, the sentence GEICO leans on in *Fiouris* is dicta. That Court made clear that it was only answering one question: whether a different New Jersey law compelled arbitration of IFPA claims arising from fraud in the procurement of an insurance policy. *Fiouris*, 928 A.2d at 155. It was not seeking (and did not have) to answer whether IFPA claims were generally arbitrable.

So we doubt that the Supreme Court of New Jersey would accord *Fiouris* much weight on this issue. Following that predicted lead, we do not either. GEICO's other cases, all from trial courts, offer minimal analysis and so we give them little-to-no weight, as we expect New Jersey's highest court would. *Makowka*, 754 F.3d at 148; *Roma*, 344 F.3d at 360-62. In sum, GEICO's string cite leaves us unmoved.

Switching tacks, GEICO claims that the IFPA's anti-fraud mission bars arbitration. But it does not explain why

9

arbitrating IFPA claims frustrates that goal. And the United States Supreme Court has made clear that claims arising from laws empowering private attorneys general can be arbitrated. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 239-42 (1987) (holding RICO claims arbitrable and citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 636-37 (1985) (holding antitrust claims arbitrable because, even if they are arbitrated, antitrust law "will continue to serve both its remedial and deterrent function")).

Finally, GEICO suggests that a laundry list of factors shows that the IFPA implicitly prohibits arbitration. None persuades us. It notes that IFPA plaintiffs have a jury trial right. *Lajara*, 117 A.3d at 1234. But GEICO does not explain why it cannot waive that right by agreeing to arbitrate. Next, it suggests that the IFPA's frequent use of phrases that suggest trial (like "the court" and "the action") implicitly prohibit arbitration. A statute's use of those terms does no such thing. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 100-01 (2012). GEICO also notes that the IFPA requires a plaintiff to notify the New Jersey insurance commissioner when it files litigation documents with "the court." IFPA § 7(c). Yet we know of no reason why it could not share those documents if they were filed in an arbitration. Further, it observes that the IFPA allows for treble damages and suggests that an arbitrator could not grant that remedy. IFPA § 7(b). To the contrary, American Arbitration Association rules give the arbitrator broad discretion to "grant any remedy or relief[.]" Am. Arb. Ass'n, *Commercial Arbitration Rules and Mediation Procedures* 28 (2013) (Rule 47), https://perma.cc/4Y74-WZM8. And a New Jersey intermediate appellate court, in a decision compelling arbitration of a statutory claim with treble damages, noted that they "can be vindicated in the arbitration

10

forum[.]" *Gras v. Assocs. First Cap. Corp.*, 786 A.2d 886, 892 (N.J. App. Div. 2001), *certif. denied*, 794 A.2d 184 (N.J. 2002). Last, GEICO points out that New Jersey itself can join private IFPA actions to collect penalties, IFPA § 7(d), and suggests this would be impossible in arbitration. But it does not explain why New Jersey couldn't join an arbitration, and the IFPA allows the State to file independent actions. IFPA § 5.

In addition, New Jersey has a strong policy in favor of arbitration, *Arafa v. Health Express Corp.*, 233 A.3d 495, 506 (N.J. 2020), especially for PIP claims. *Gambino v. Royal Globe Ins. Cos.*, 429 A.2d 1039, 1043 (N.J. 1981) ("[A]pproaches which minimize resort to the judicial process [for PIP claims] . . . are strongly to be favored."). We therefore predict that the New Jersey Supreme Court would allow arbitration of IFPA claims.

Having concluded that IFPA claims are arbitrable, we next consider whether the IFPA claims before us should be compelled to arbitration.

B. New Jersey Insurance Law Compels Arbitration.

Each Practice sought arbitration of GEICO's IFPA claim through N.J. Stat. Ann. § 39:6A-5.1(a) (the "Provision"). It allows "any party" to compel arbitration of "[a]ny dispute regarding the recovery of medical expense benefits or other benefits provided under [PIP] coverage . . . arising out of the operation, ownership, maintenance or use of an automobile". *Id.* As these suits are GEICO's effort to recover medical expense claims paid through auto insurance PIP benefits, they fall under the Provision's plain text.

11

GEICO asserts that the Provision does not apply to IFPA claims because they deal with fraud. We disagree. First, the Provision does not have an exception for fraud, and we may not carve a broad exclusion from a plain statute on our own initiative. *DiProspero v. Penn*, 874 A.2d 1039, 1048 (N.J. 2005). Second, New Jersey appellate courts have consistently held that the Provision must be "construe[d ]liberally," *State Farm Mut. Auto. Ins. Co. v. Molino*, 674 A.2d 189, 191 (N.J. App. Div. 1996), and "read as broadly as [its] words themselves indicate[.]" *State Farm Ins. Co. v. Sabato*, 767 A.2d 485, 487 (N.J. App. Div. 2001). Third, the list of claims specifically subject to the Provision suggests fraud falls under its umbrella. That group includes "whether the disputed medical treatment was actually performed" and "whether the treatment performed is reasonable[ or] necessary." N.J. Stat. Ann. § 39:6A-5.1(c). That is the alleged fraud underpinning GEICO's IFPA claims: billing for fictitious or unnecessary care. Because the Provision's plain language is broad and does not carve out fraud, but rather explicitly includes fraud-like claims, GEICO's argument does not persuade us.

C. GEICO's IFPA Claims Are Subject to an Arbitration Agreement.

In the alternative, we also conclude that GEICO's IFPA claims must be compelled to arbitration under the FAA. That statute compels claims to arbitration once a movant shows both that an arbitration agreement was validly formed and that it covers the claims at issue. *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). To establish that an agreement was formed when (as here) a motion to compel arbitration is based on a complaint standing alone, a defendant must show that the complaint and the documents on which s it

12

relies facially suggest that the parties agreed to arbitrate. *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013).

GEICO does not contest the Practices' reliance on two documents to suggest formation of an arbitration agreement. The first is GEICO's Precertification and Decision Point Review Plan (the "Plan"). This document, required by New Jersey law and approved by the New Jersey insurance regulator, governs GEICO's reimbursement of PIP claims. *Coal. for Quality Health Care v. N.J. Dep't of Banking & Ins.*, 791 A.2d 1085, 1092-94 (N.J. App. 2002); N.J. Admin. Code § 11:3-4.7. The Plan's arbitration provision covers "any issue arising under [the Plan], or in connection with any claim for [PIP] benefits." Caring Pain App. 315. The Practices bind themselves to the Plan through the second document – GEICO's assignment of benefits form, which must be submitted before GEICO will pay doctors for PIP claims. That form requires the Practice "comply with all the requirements of the Plan." Caring Pain App. 317. These documents facially suggest that the Practices entered into an arbitration agreement with GEICO.

That said, GEICO could force the Practices to prove more than a suggestion by submitting or pointing to "additional facts sufficient to place the [arbitration agreement] in issue." *Guidotti*, 716 F.3d at 776. It says that the complaints themselves place formation in issue because they allege that Practices did not submit "valid" assignments of benefits for "each of their claims[.]" Caring Pain App. 412-13 ¶ 255. But GEICO is wrong because we do not treat unsupported legal conclusions asserted in complaints as well-pled factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

13

(2007). This is especially so when the conclusion lacks "facial plausibility," and here it is not believable that the Practices never submitted a valid[3] assignment of benefits given GEICO paid them more than $10 million. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It would not have taken much for GEICO to put contract formation in play. Our precedent only requires plaintiffs to offer facts that put it in doubt. For example, we held that a plaintiff's detailed affidavit explaining that she had never seen the arbitration agreement at issue was enough to make the movants fully prove formation. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161-62 (3d Cir. 2009). GEICO's pronouncement that the Practices did not provide "valid" assignment of benefits forms for any of their claims does not pass even that low bar. And its argument that we are requiring it to "prove a negative" is wrong: we only ask for some evidence suggesting it did not form arbitration agreements with the Practices in light of the evidence they offer suggesting otherwise. Caring Pain GEICO Br. 35 n.8.

Next, to compel arbitration of GEICO's IFPA claims, we must hold that the arbitration agreement in the Plan covers them. *John Hancock*, 151 F.3d at 139. It does. As noted above, that provision covers "any issue . . . in connection with any claim for [PIP] benefits." Caring Pain App. 315. This language is broad and, as the IFPA claims are connected to claims paid to the Practices based on PIP coverage, includes

---

[3] GEICO does not explain why it believes the assignment of benefits forms were not valid.

GEICO's claims.[4]  *Arafa*, 233 A.3d at 509 (agreement to arbitrate "any dispute" has "broad" scope).  Supporting our view, New Jersey law encourages us to read arbitration agreements "liberally in favor of arbitration."  *Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A.*, 773 A.2d 665, 670 (N.J. 2001) (quoting *Marchak v. Claridge Commons, Inc.*, 633 A.2d 531, 535 (N.J. 1993)).  Further, because the Practices had no role in drafting the Plan, we must construe it in their favor.  *Pacifico v. Pacifico*, 920 A.2d 73, 78 (N.J. 2007).  Therefore, GEICO's IFPA claims are subject to the Plan's arbitration agreement, and so we must compel arbitration.  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

D. The Practice-Specific Issues

Besides the issues discussed above, which affect each Practice, the Mount Prospect and Precision Spine appeals present other challenges.

---

[4] At oral argument, GEICO claimed that the Supreme Court of New Jersey would hold that the arbitration agreement in the Plan does not encompass its IFPA claims because it does not specifically reference the IFPA.  But GEICO did not make that argument in its papers, and therefore we will not consider it in detail.  *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145-46 (3d Cir. 2017).  Even if GEICO's argument were correct, we would still compel arbitration under the Provision.

## Mount Prospect

In the Mount Prospect case, the District Court concluded both that GEICO and Mount Prospect agreed to be bound by the Plan, and that GEICO's non-IFPA claims were subject to its arbitration agreement. But rather than compel arbitration, it granted GEICO leave to amend its complaint to "make 'clear' its arguments regarding the validity of the [arbitration] agreement." Mount Prospect App. 18. Mount Prospect claims this was error.

GEICO argues we lack jurisdiction to review this decision because it is not final, as the District Court would consider a renewed motion to compel arbitration. But our caselaw disagrees. Because of the FAA's broad grant of interlocutory jurisdiction, we can review interim denials of motions to compel arbitration. *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 102-04 (3d Cir. 2000).

And we agree with Mount Prospect that the District Court should not have granted GEICO leave to amend its complaint. When a movant sufficiently establishes that a claim is subject to a valid arbitration agreement, district courts have no discretion and must send it to arbitration. *Dean Witter Reynolds*, 470 U.S. at 218 ("[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original); FAA § 4 ("[U]pon being satisfied that [the arbitration agreement is valid and applies], the court *shall* make an order directing the parties to proceed to arbitration . . .".) (emphasis added).

16

True enough, we generally support granting leave to amend, but our denial here aligns with Circuit precedent. Our usual generosity exists because a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), *abrogated by Schmees v. HC1.Com, Inc*., 77 F.4th 483 (7th Cir. 2023)). If we denied leave to amend to cure a fixable defect, we would reject potentially meritorious claims on mere pleading errors. *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

But under the *Guidotti* protocol, 716 F.3d at 776, GEICO had the chance to submit additional facts to challenge formation of the arbitration agreements. The District Court decided that motion against GEICO on the merits, not on the limited "record" of the complaint. Given that background, denying GEICO's request to amend does not frustrate the policy animating our pro-amendment case law.

<u>Precision Spine</u>

GEICO asks us to affirm the District Court's denial as moot of Precision Spine's motion to compel arbitration.[5] GEICO's rationale for mootness is that the targeted complaint was amended after the motion was filed. It relies on *West Run*

---

[5] GEICO also argues that its non-IFPA claims against Precision Spine are inarbitrable. But those claims are not at issue in this appeal because the order identified in the only filed notice of appeal (Precision Spine's) did not mention them. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010).

17

for the proposition that an "amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." 712 F.3d at 171 (cleaned up, citation omitted). But *West Run* dealt with an entirely different set of issues, and we will not rely on one out-of-context snippet to decide this case.

Instead, we will join our colleagues on the Second and Sixth Circuits by holding that district courts may, in their discretion, deny as moot motions directed to subsequently amended complaints or apply their arguments to the new complaint and dispose of them on the merits. *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020); *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2013) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance."). If the arguments in a motion apply to the amended complaint, and the motion's proponent does not object to applying it to the new pleading, we see no reason why a trial court cannot do so.

Here, we believe the District Court abused its discretion by denying Precision Spine's motion *sua sponte* because it was addressed to the unamended complaint. As noted, that does not automatically moot a motion. Nothing in the amended complaint precludes arbitration of GEICO's IFPA claims. Rather, as discussed above, the law requires it. So we conclude

18

the District Court abused its discretion in denying the motion and will order arbitration.[6] *Scott v. Vantage Corp.*, 64 F.4th 462, 472 (3d Cir. 2023) (an error of law is an abuse of discretion).

*****

For the reasons above, we reverse the decisions of the District Courts and remand with instructions to compel arbitration of GEICO's IFPA claims against the Practices.

---

[6] This case is a good example of why we do not automatically moot motions directed at subsequently amended complaints. If we held the motion was moot, we would simply waste the litigants' time and money by requiring fresh motion practice when the amended complaint fails to defeat the initial motion's challenges.