# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2024

Lyle W. Cayce
Clerk

————————

No. 22-11252

————————

Holston Banks, III,

*Plaintiff—Appellant*,

*versus*

John H. Spence,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CV-217

———————————————————————

Before Smith, Graves, and Wilson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

The opinion issued on June 26, 2024, 105 F.4th 798, is WITH-DRAWN, and the following is SUBSTITUTED:

\* \* \* \* \*

Holston Banks appeals the denial of his untimely motion to amend. Because he does not adequately explain his untimeliness, we affirm.

I.

Banks sued John Spence in his individual capacity for use of excessive

force.  Although the facts are egregious, all that matters here is that Banks was a convicted prisoner at the time of the 2017 incident.  In October 2019, he sued under 42 U.S.C. § 1983 alleging excessive force in violation of his Fourteenth Amendment rights.  Spence answered in December.

The court set May 2, 2022—two and one-half years after the initial complaint—as the deadline for amendment of pleadings.  On April 29, 2022, Spence moved to extend the deadline to file an amended pleading.  The court denied the motion, then, after a joint motion for entry of an agreed amended scheduling order, extended the deadline to amend pleadings to May 25.

On May 24, Spence filed an amended answer to Banks's complaint.  Though the court did once more agree to amend the schedule, it did not modify the deadline to amend pleadings.

On September 30, Spence moved for judgment on the pleadings, urging, *inter alia*, that Banks's Fourteenth Amendment claim was inapplicable to convicted prisoners.  Spence averred, in the alternative, that Banks had also failed to state an Eighth Amendment claim.

Discussions in August had made Banks's counsel aware of the Eighth/Fourteenth Amendment distinction.  On October 6—134 days after the deadline, and 38 days after Banks admits his counsel was aware of the issue—Banks moved to amend to assert an Eighth Amendment claim.  On December 12, the district court denied that motion and granted judgment on the pleadings.  Banks appeals.

## II.

There is no dispute that Federal Rule of Civil Procedure 16(b)(4) governs the motion at issue.  Nor is there disagreement about which factors are relevant under that rule: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential pre-

No. 22-11252

judice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (cleaned up).

"The good cause standard *requires* the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* at 535 (cleaned up and emphasis added).[1] Failure to meet that threshold is a sufficient reason to affirm the denial of the motion to amend.

At least twice, our court has found the lack of an explanation sufficient to deny amendment. In *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595 (5th Cir. 2021), we were satisfied to deny amendment after finding that there was no explanation for delay—without engaging in the remainder of the four-factor analysis:

> There is no explanation for the five-month delay before pleading the facts and allegations in the Third Amended Complaint. Nor is there any suggestion that any of those facts were unavailable when filing the previous three complaints. Nor did [the plaintiff] request an opportunity to replead in response to the second motion to dismiss. In sum, there is no good cause here to justify further amendment to the complaint. The district court accordingly did not abuse its discretion in denying further leave to amend.

*Id.* at 602.

Likewise, in *Marable v. Department of Commerce*, 857 F. App'x 836 (5th Cir. 2021) (per curiam), this court repeated the language of *S&W Enterprises*:

---

[1] Though the court makes this observation when describing the standard for modification of a scheduling order, it immediately clarifies that it also applies to untimely motions to amend. *See* 315 F.3d at 536 ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

"Good cause generally requires a demonstration that 'deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 838 (quoting *S&W Enters.*, 315 F.3d at 535). After noting a fifteen-month delay past the deadline, we explained, "[Appellant] offers nothing on appeal to demonstrate good cause beyond an assertion that he has been diligently prosecuting his case. With nothing more, we cannot conclude that the district court abused its discretion in denying [the] request to amend his complaint." *Id.* This again demonstrates that failure to explain a delay in amending is sufficient reason to affirm on abuse-of-discretion review.

Moreover, though an explanation is necessary, not all explanations suffice. In *S&W Enterprises*,

> [t]he same facts were known to S&W from the time of its original complaint to the time it moved for leave to amend. S&W could have asserted interference with contract from the beginning, but fails to explain why it did not. S&W's explanation for its delayed analysis . . . —inadvertence—is tantamount to no explanation at all.

315 F.3d at 536. Thus, merely proffering *an* explanation is not enough. Rather, that explanation has to be "adequate," and an "adequate" explanation is something more than "inadvertence." *Id.* In *S&W Enterprises*, "inadvertence" amounted to "counsel fail[ing] to understand the impact of [a relevant] case on S&W's . . . claim until after the deadline [for amendment] expired." *Id.* at 535.

Insofar as that is what happened here, Banks's explanation "is tantamount to no explanation at all." *Id.* at 536. In his petition for rehearing, Banks urges that we misunderstand the record. Now, he frames his failure to understand the applicable amendment as a "factual misunderstanding"; Banks's counsel was not confused about the law but "about [Banks's] status as an inmate." Setting aside whether his initial briefing expresses that view

of the record, Banks's new framing remains meritless.

*S&W Enterprises* stands for the principle that inadvertence is "tantamount to no explanation at all." 315 F.3d at 536. Though, *S&W Enterprises* applies that principle to inattention to law, we see no reason it does not also apply to inattention to fact. Banks's counsel was inattentive on that front too, and egregiously so. As the district court found, "Banks's counsel could have obtained this information at any point in the proceedings through various avenues, whether a cursory interview with Banks, an internet search of his criminal history, or an inspection of publicly available records."

*Olivarez* contemplates that, *inter alia*, a request "to replead in response to [a] motion to dismiss," 997 F.3d at 602, might be a sufficient explanation in some cases. But we do not read *Olivarez* to hold that such a request—here, in response to a motion for judgment on the pleadings—is a sufficient explanation in all cases. Rather, *Olivarez*'s own method of analysis suggests that we ought to look at the amending party's conduct in its entirety. *See id.* In this case, in the light of egregious inadvertence—either to the law or to the facts—*S&W Enterprises* strongly counsels we find no sufficient explanation.

The ultimate cause of Banks's delay was his attorney's inattention to the particulars of this case. That his attorney was alerted to that inattention by Spence's motion for judgment on the pleadings is of no import.

Therefore, the judgment is AFFIRMED. The petition for rehearing is DENIED.

No. 22-11252

Jᴀᴍᴇꜱ E. Gʀᴀᴠᴇꜱ, Jʀ., *Circuit Judge*, dubitante:

I agree that Banks failed to give an adequate excuse for his failure to diligently seek leave to amend his complaint. So I acquiesce in the decision to affirm the judgment. I am reluctant because amendment of his complaint was arguably unnecessary. But that argument was never raised.

The majority rightly acknowledges that Banks's allegations are egregious. The allegations are as follows. At the time the events allegedly took place, Banks was an inmate at the Midland County, Texas jail. Spence was the Howard County sheriff's deputy tasked with transporting him to a court hearing. From the start of their trip, Spence acted aggressively toward Banks, yelling that he was going to take Banks to the state prison in Huntsville. When they arrived at Spence's unmarked vehicle, Spence shackled Banks's hands and feet and directed him to get inside. There, Banks encountered an inmate with a bloodied face and, in the front passenger seat, a woman holding a gun. When Banks began yelling for help, Spence punched him repeatedly in the face. A doctor later confirmed that Spence had broken Banks's nose.

Those allegations amount to a violation of Banks's Eighth Amendment rights. *See Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (Eighth Amendment excessive force claim requires that officer applied force "maliciously and sadistically for the [subjective] purpose of causing harm.").

Nevertheless, the district court entered judgment for Spence. In reaching that decision, it considered two motions at the same time: Spence's motion for judgment on the pleadings and Banks's motion for leave to amend his complaint. In considering Spence's motion, the district court acknowledged that Banks alleged enough facts to state an Eighth Amendment claim. But it concluded that because the complaint framed the claim as a

*Fourteenth* Amendment claim, instead of an Eighth Amendment claim, the complaint was deficient.

For post-conviction inmates such as Banks, excessive force claims can arise only under the Eighth Amendment. But federal pleading rules do not require formally correct legal framing of claims. Banks's complaint needed only to "inform [Spence] of the factual basis for [his] complaint." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam); *see also Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory."); *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 854 (5th Cir. 2018) ("[F]actual allegations alone may state a claim for relief—even without referencing the precise legal theory . . . upon which the plaintiff seeks relief."). It did, and not just as a technical matter. After all, it was *Spence* who originally notified *Banks* that the claim should have been brought under the Eighth rather than Fourteenth Amendment. Banks's complaint needed no amendment.

In the same opinion, the district court considered Banks's motion for leave to amend, which urged the court to allow Banks to correct his complaint. The district court concluded that Banks failed to show that his lawyers acted diligently in seeking that relief. On that, there was no error, as the majority correctly concludes.

Banks's appellate briefing focused solely on the district court's denial of leave to amend, not the grant of judgment on the pleadings. The majority therefore considers leave to amend to be the only question presented and it reaches only that issue. The result is troubling: It affirms the judgment against Banks because his lawyers did not diligently seek to amend a complaint that *required no amendment*. Consequently, Banks is denied the opportunity to pursue his claim.

Not only is that outcome unfortunate, but I am doubtful it is required. In my view, nothing prevents us from reaching whether judgment on the pleadings itself was proper. If it had been denied, Banks's motion to amend would be rendered moot. *Escamilla v. Elliott*, 816 F. App'x 919, 927 n.10 (5th Cir. 2020) (district court's error of dismissing claim mooted appeal of denial of leave to amend that claim); *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 487 (7th Cir. 2023).

There are, of course, judicial doctrines that often prevent us from reaching unbriefed issues. For instance, parties like Banks generally forfeit arguments they do not adequately brief. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). But we make an exception when the issue is purely legal and failing to consider it would result in a miscarriage of justice. Perhaps an exception should be made here.

The Supreme Court has also warned that we abuse our discretion if we depart drastically from the issues that the parties present. *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). But no drastic departure is required. The question of whether leave to amend is appropriate is intertwined with the question of whether amendment is necessary. *See Escamilla*, 816 F. App'x at 927 n.10; *Schmees*, 77 F.4th at 487.

I find no error in the district court's disposition of Banks's motion for leave to amend, nor in the majority's review of it. Yet I am doubtful that Banks's disturbing allegations should fail, and his case should end, because he lost a motion to amend a complaint that needed no amending.